**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in July 1, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-MJ-129** |
| **v.** | : | **VIOLATIONS:** |
| **TIMOTHY WILLIS,** | : | **18 U.S.C. § 1201(a)(1)**<br>**(Kidnapping)** |
| **Defendant.** | : | **47 U.S.C. § 223(h)(2)(A)**<br>**(Intentional Disclosure of Nonconsensual Intimate Visual Depictions)** |
| | : | **22 D.C. Code §§ 2001, 4502**<br>**(Kidnapping While Armed)** |
| | : | **22 D.C. Code § 3053(a)**<br>**(First Degree Unlawful Publication)** |
| | : | **22 D.C. Code § 402**<br>**(Assault with a Dangerous Weapon)** |
| | : | **FORFEITURE**<br>**47 U.S.C. § 223(h)(7)(A)**<br>**28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury Charges that:

## COUNT ONE

On or about June 15, 2026, within the District of Columbia and the state of Virginia, the defendant, **TIMOTHY WILLIS,** did unlawfully and willfully seize, confine, kidnap, abduct, carry away and hold W.W. for some purpose, to include forcing W.W. to drive him to the District of Columbia and to retaliate against W.W., and, in committing and in furtherance of the

commission of that offense, did willfully transport W.W. and travel in interstate commerce from the state of Virginia to the District of Columbia.

(**Kidnapping**, in violation of Title 18, United States Code, Section 1201(a)(1))

**COUNT TWO**

On or about June 15, 2026, within the District of Columbia, the defendant, **TIMOTHY WILLIS,** in interstate commerce, used an interactive computer service to knowingly publish an intimate visual depiction of an identifiable individual, that is, W.W., and the intimate visual depiction was obtained and created under circumstances in which **TIMOTHY WILLIS** knew or reasonably should have known W.W. had a reasonably expectation of privacy, and what was depicted was not voluntarily exposed by W.W. in a public or commercial setting nor was a matter of public concern, and the publication of the intimate visual depiction was intended to cause harm and caused harm to W.W.

(**Intentional Disclosure of Nonconsensual Intimate Visual Depictions**, in violation of Title 47, United States Code, Section 233(h)(2)(A))

**COUNT THREE**

On or about June 15, 2026, within the District of Columbia, the defendant, **TIMOTHY WILLIS**, while armed with and having readily available a deadly and dangerous weapon, that is, a knife, seized, confined, kidnapped, abducted, and carried away W.W., with the intent to hold and detain W.W. for some purpose, to include forcing W.W. to drive him to the District of Columbia and to retaliate against W.W.

(**Kidnapping While Armed**, in violation of Title 22, District of Columbia Code, Sections 2001, 4502)

**COUNT FOUR**

On or about June 15, 2026, within the District of Columbia, the defendant, **TIMOTHY WILLIS,** did unlawfully and knowingly publish one or more sexual images of W.W., an identified

and identifiable person, when W.W. did not consent to the disclosure of the sexual image, there was an agreement and understanding between W.W. and **TIMOTHY WILLIS** that the sexual image would not be disclosed, and **TIMOTHY WILLIS** made the disclosure with the intent to harm W.W.

(**First Degree Unlawful Publication**, in violation of 22 District of Columbia Code, Section 3053(a))

**COUNT FIVE**

On or about June 15, 2026, within the District of Columbia, the defendant, **TIMOTHY WILLIS,** assaulted W.W. with a dangerous weapon, that is, a knife.

(**Assault with a Dangerous Weapon**, in violation of 22 District of Columbia Code, Section 402)

**FORFEITURE LANGUAGE**

1. Upon conviction of the offense alleged in Count Two, the defendant, **TIMOTHY WILLIS**, shall forfeit to the United States any material distributed in the commission of the violation, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and any personal property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violation. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, Title 47, United States Code, Section 223(h)(7)(A), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: Janani J. Iyengar
Janani Iyengar
Assistant United States Attorney

Attorney of the United States in
and for the District of Columbia.